# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **GAIL RASHEED o/b/o** | ) | |
| **S.R., a minor,** | ) | |
|    Plaintiff | ) | |
| | ) | |
| | ) | Civil Action No. 7:10cv00287 |
| | ) | **REPORT AND RECOMMENDATION** |
| **MICHAEL J. ASTRUE,** | ) | |
|   **Commissioner of Social Security**, | ) | By: P<small>AMELA</small> M<small>EADE</small> S<small>ARGENT</small> |
|    Defendant | ) | United States Magistrate Judge |

*I. Background and Standard of Review*

Plaintiff, Gail Rasheed, on behalf of her minor son, S.R., filed this action challenging the final decision of the Commissioner of Social Security, ("Commissioner"), denying S.R.'s claim for children's supplemental security income, ("SSI"), benefits under Title XVI of the Social Security Act, as amended, ("Act"), 42 U.S.C.A. §§ 1381-1383d. (West 2003 & Supp. 2011). Jurisdiction of this court is pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). As directed by the order of referral, the undersigned now submits the following report and recommended disposition.

The court's review in this case is limited to determining if the factual findings of the Commissioner are supported by substantial evidence and were reached through application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence has been defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It

-1-

consists of more than a mere scintilla of evidence, but may be somewhat less than a preponderance." *Laws v. Celebrezze,* 368 F.2d 640, 642 (4th Cir. 1966). "'If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."'" *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting *Laws*, 368 F.2d at 642).

Rasheed protectively filed an application for children's SSI on behalf of her son on October 31, 2007, alleging disability as of May 1, 2005, due to a cyst on his brain, obesity, behavioral problems, learning and emotional disabilities, fatigue, headaches and a sinus condition. (Record, ("R."), at 88, 95, 127-33, 145, 149.) Rasheed's claim was denied initially and on reconsideration. (R. at 88-90, 95-97, 99-101, 103-05.) Rasheed then requested a hearing before an administrative law judge, ("ALJ"), (R. at 106). The hearing was held on October 15, 2009, at which she was represented by counsel. (R. at 28-84.)

By decision dated November 13, 2009, the ALJ denied Rasheed's claim. (R. at 9-23.) The ALJ found that S.R. was born in 1993, and, therefore, was a school-age child on May 1, 2005, the alleged onset date. (R. at 12.) The ALJ found that S.R. had not performed any substantial gainful activity since October 31, 2007, the application date. (R. at 12.) The ALJ found that the medical evidence established that S.R. suffered from severe impairments, namely a stable small pituitary lesion and headaches, but she found that S.R. did not have an impairment or combination of impairments listed at or medically equal to one listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 12-13.) The ALJ further found that S.R. did not have an impairment or combination of impairments which would result in marked and severe functional limitations. (R. at 15-23.) Therefore, the ALJ

concluded that S.R. was not under a disability as defined by the Act and was not eligible for children's SSI benefits. (R. at 23.) *See* 20 C.F.R. § 416.924(d)(2) (2011); *see also* 42 U.S.C.A. § 1382c(a)(3)(C) (West 2003 & Supp. 2011).

After the ALJ issued her decision, Rasheed pursued her administrative appeals, but the Appeals Council denied her request for review. (R. at 1-5.) Rasheed then filed this action seeking review of the ALJ's unfavorable decision, which now stands as the Commissioner's final decision. *See* 20 C.F.R. § 416.1481 (2011). The case is before this court on Rasheed's motion for summary judgment filed February 7, 2011, and the Commissioner's motion for summary judgment filed March 8, 2011.

## II. Facts

S.R. was born in 1993. (R. at 127.) At the hearing, Rasheed testified that S.R. worked for his father four to five hours a week during the summer on home improvement jobs. (R. at 37-38.) She stated that he failed the tenth grade because he did not attend his classes. (R. at 41.) Rasheed stated that S.R. was sentenced to community service for shoplifting. (R. at 43-44.) She stated that S.R. was not a successful student because "he's immature, very immature for his age. He's spoiled…." (R. at 46-47.) Rasheed stated that if S.R. did not get his way, he had temper tantrums. (R. at 49-50.) She stated that the police were called on three occasions during the past year because of S.R.'s behavior. (R. at 50.) She stated that he pushed her and threw furniture. (R. at 50.) Rasheed stated that S.R. attended counseling for a couple of months and that it "helped a little." (R. at 51.)

S.R. testified that he failed the tenth grade because he was "just lazy." (R. at 76.) He stated that he was more motivated this school year because he was more interested in the computer classes that he was enrolled in and because he had failed the previous year. (R. at 76.) S.R. stated that he enjoyed being proficient at repairing things. (R. at 80.) He stated that he was getting along with his mom "better." (R. at 83.)

In rendering his decision, the ALJ reviewed records from William Fleming Middle School; William Fleming High School; Dr. Lisa S. Apfel, M.D.; University of Virginia Health System; Julie Jennings, Ph.D., a state agency psychologist; Jeffrey B. Luckett, Ph.D., a licensed clinical psychologist; and Eugenie Hamilton, Ph.D., a state agency psychologist.

It is Rasheed's position that the ALJ failed to find that S.R.'s impairments are not functionally equivalent to a listed impairment. (Memorandum In Support Of Plaintiff's Motion For Summary Judgment, ("Plaintiff's Brief"), at 7-10.) In particular, Rasheed argues that the ALJ erred by failing to find that S.R.'s impairments did not result in marked limitations in two domains of functioning: (1) attending and completing tasks; and (2) interacting and relating with others. (Plaintiffs' Brief at 8-10.) Thus, this statement of facts will specifically address evidence regarding S.R.'s behavior.

The record shows that S.R. received mostly As, Bs and Cs in grades one through five. (R. at 205, 212.) In sixth grade, he received an A in reading and Bs and Cs in other academic subjects. (R. at 203.) His grades dropped in seventh grade.

-4-

(R. at 203.) He received Bs, Cs, Ds and one F in pre-algebra. (R. at 203.) S.R.'s ninth-grade records indicate that S.R. was not completing his school work in or out of class and was described as disrespectful. (R. at 225.) On December 10, 2008, Jack Spraker of the English department reported that S.R. talked and played with electronic devices during class, rarely did his work and disrupted the class. (R. at 233.) Spraker stated that S.R. was "a nice kid and thinks he's charming. He's got a real 'Eddie Haskel' thing going." (R. at 233.)

In March 2009, S.R. received Fs in most subjects, except for one D and one C. (R. at 191.) In the later part of the ninth-grade school year, S.R. got Bs and Cs in Math; an A in World History; a C in English; Ds in Earth Science and Health Ed; and an F in Algebra. (R. at 208, 237.) School records for 2009 also show that S.R. was tardy for class 127 times. (R. at 192-94.) He also had unexcused absences and out of school suspensions. (R. at 192-94.)

On September 28, 2009, Shannon B. Lewis, S.R.'s tenth-grade Biology teacher, completed a questionnaire in which she assessed S.R's overall functioning under the listings criteria. (R. at 215-22.) S.R. had been in Lewis's class for 20 days; she saw him daily for a 53-minute class. (R. at 215.) Lewis noted that S.R. had an unusual degree of absenteeism, tardiness and in school suspensions. (R. at 215.) Lewis reported that S.R. had no problems in any of the domains of functioning for the purposes of establishing functional equivalence, (R. at 216-21), including attending and completing tasks and interacting and relating with others. (R. at 217-19.) Lewis reported that S.R. was not receiving special education services. (R. at 215.)

-5-

On January 16, 2007, Dr. Lisa S. Apfel, M.D., noted that S.R. was cognitively intact with appropriate memory, attention span, concentration and fund of knowledge. (R. at 284.)

On April 25, 2007, when S.R. was seen at the University of Virginia Health System, he denied anxiety, panic attacks and depression. (R. at 322-23.)

On February 28, 2008, Julie Jennings, Ph.D., a state agency psychologist, indicated that S.R. had no limitations in his ability to acquire and use information, to attend and complete tasks and to move about and manipulate objects. (R. at 345-49.) Jennings reported that S.R. had a less than marked limitation in his ability to interact and relate with others, to care for himself and to care for his health and physical well-being. (R. at 346-47.)

On June 4, 2008, Jeffrey B. Luckett, Ph.D., a licensed clinical psychologist, evaluated S.R. at the request of Disability Determination Services. (R. at 403-08.) S.R. had been suspended from school for fighting and leaving the school premises. (R. at 404.) Luckett reported that S.R. was oriented and showed no evidence of a psychotic disorder, delusional system or autistic logic. (R. at 405.) The Children's Depression Inventory, ("CDI"), was administered, and S.R. was placed in a nondepressed range. (R. at 405.) Luckett reported that S.R. had no difficulty in the performance of activities of daily living and no difficulty with immediate, short-term or long-term memory. (R. at 407.) Luckett diagnosed mild oppositional defiant disorder and assessed S.R.'s then-current Global Assessment of Functioning

score, ("GAF"),[1] as 60.[2] (R. at 407-08.)

On June 11, 2008, Eugenie Hamilton, Ph.D., a state agency psychologist, indicated that S.R. had no limitations in his ability to acquire and use information, to attend and complete tasks and to move about and manipulate objects. (R. at 412-13.) Hamilton reported that S.R. had a less than marked limitation in his ability to interact and relate with others, to care for himself and to care for his health and physical well-being. (R. at 412-13.)

## III. Analysis

A child is considered disabled for SSI purposes only if the child suffers from a "medically determinable physical or mental impairment, which results in marked and severe functional limitations" and which lasts for a period of not less than 12 months. 42 U.S.C.A. § 1382c(a)(3)(C)(i) (West 2003 & Supp. 2011). The Commissioner uses a three-step process in evaluating children's SSI claims. *See* 20 C.F.R. § 416.924 (2011). This process requires the Commissioner to consider, in order, whether the child 1) is engaged in substantial gainful employment; 2) has a severe impairment; and 3) has an impairment that meets or equals the requirements of a listed impairment. *See* 20 C.F.R. § 416.924. As with the process for adults, if the Commissioner finds conclusively that a child is or is not disabled at any point in

---

[1]The GAF scale ranges from zero to 100 and "[c]onsider[s] psychological, social, and occupational functioning on a hypothetical continuum of mental health-illness." DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS FOURTH EDITION, ("DSM-IV"), 32 (American Psychiatric Association 1994.)

[2] A GAF score of 51-60 indicates that the individual has "[m]oderate symptoms ... OR moderate difficulty in social, occupational, or school functioning...." DSM-IV at 32.

this process, review does not proceed to the next step. *See* 20 C.F.R. § 416.924. Thus, under the applicable regulations, an ALJ may find a child to be disabled within the meaning of the Social Security Act only if she finds that the child has a severe impairment or combination of impairments that meets or equals an impairment listed in Appendix 1. *See* 20 C.F.R. § 416.924(c)-(d) (2011).

By decision dated November 13, 2009, the ALJ denied Rasheed's claim. (R. at 9-23.) The ALJ found that the medical evidence established that S.R. suffered from severe impairments, namely a stable small pituitary lesion and headaches, but she found that S.R. did not have an impairment or combination of impairments listed at or medically equal to one listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 12-13.) The ALJ further found that S.R. did not have an impairment or combination of impairments which would result in marked and severe functional limitations. (R. at 15-23.) Therefore, the ALJ concluded that S.R. was not under a disability as defined by the Act and was not eligible for children's SSI benefits. (R. at 23.) *See* 20 C.F.R. § 416.924(d)(2); *see also* 42 U.S.C.A. § 1382c(a)(3)(C).

In her brief, Rasheed argues that the ALJ failed to find that S.R.'s impairments are not functionally equivalent to a listed impairment. (Plaintiff's Brief at 7-10.) In particular, Rasheed argues that the ALJ erred by failing to find that S.R.'s impairments did not result in marked limitations in two domains of functioning: (1) attending and completing tasks; and (2) interacting and relating with others. (Plaintiffs' Brief at 8-10.)[3]

---

[3] Rasheed does not contest the ALJ's finding that S.R. did not meet or medically equal a listed impairment. (Plaintiff's Brief at 6-7.) Rasheed also does not contest the ALJ's decision

As stated above, the court must determine if there is substantial evidence in the record to support the ALJ's decision that S.R. was not under a disability as defined in the Act. If substantial evidence exists to support this finding, this court's "inquiry must terminate," and the final decision of the Commissioner must be affirmed. *See Laws*, 368 F.2d at 642. Also, it is the ALJ's responsibility to weigh the evidence, including the medical evidence, in order to resolve any conflicts which might appear therein. *See Hays*, 907 F.2d at 1456; *Taylor v. Weinberger*, 528 F.2d 1153, 1156 (4th Cir. 1975). "Thus, it is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence." *Hays*, 907 F.2d at 1456.

Based on my review of the record, I find that substantial evidence exists in the record to support the ALJ's decision that S.R. did not functionally equal a listed impairment. An impairment is of listing-level severity if the child has "marked" limitations in two domains of functioning or an "extreme" limitation in one domain of functioning. *See* 20 C.F.R. § 416.926a(d) (2011). The six domains that are considered in the functional comparison are: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; (6) and health and physical well-being. *See* 20 C.F.R. § 416.926a(b)(1). As noted above, Rasheed only challenges the ALJ's decision regarding two domains of functioning.

---

with respect to the four other domains of functioning. (Plaintiff's Brief at 7.)

-9-

A "marked" limitation in a domain is found when an impairment interferes seriously with a claimant's ability to independently initiate, sustain or complete activities. *See* 20 C.F.R. § 416.926a(e)(2)(i). A "marked" limitation also means a limitation that is "more than moderate" but "less than extreme." 20 C.F.R. § 416.926a(e)(2)(i). Based on my review of the record, I find that the ALJ fully analyzed the medical and other evidence and properly determined that S.R.'s impairments did not functionally equal a listed impairment. (R. at 13-15.)

At the hearing, Rasheed testified that S.R. was not a successful student because "he's immature, very immature for his age. He's spoiled…." (R. at 46-47.) S.R. testified that he failed the tenth grade because he was "just lazy." (R. at 76.) Spraker, one of S.R.'s teachers, reported that S.R. talked and played with electronic devices during class, rarely did his work and disrupted the class. (R. at 233.) He described S.R. as "a nice kid and thinks he's charming. He's got a real 'Eddie Haskel' thing going." (R. at 233.) S.R. was tardy numerous times and had unexcused absences and out of school suspensions. (R. at 192-94.) S.R.'s tenth-grade biology teacher reported that S.R. had no problems in any of the domains of functioning for the purposes of establishing functional equivalence, including attending and completing tasks and interacting and relating with others. (R. at 216-21.)

In January 2007, Dr. Apfel reported that S.R. was cognitively intact with appropriate memory, attention span, concentration and fund of knowledge. (R. at 284.) In April 2007, S.R. denied anxiety, panic attacks and depression. (R. at 322-23.) The state agency psychologists reported that S.R. had no limitations in his ability to acquire and use information, to attend and complete tasks and to move about and manipulate objects. (R. at 345-49, 412-13.) Jennings and Hamilton also

-10-
Case 7:10-cv-00287-MFU-PMS   Document 25   Filed 08/19/11   Page 10 of 13   Pageid#: 523

reported that S.R. had a less than marked limitation in his ability to interact and relate with others, to care for himself and to care for his health and physical well-being. (R. at 346-47, 412-13.) Luckett reported that S.R. had no difficulty in the performance of activities of daily living and no difficulty with immediate, short-term or long-term memory. (R. at 407.) Luckett opined that S.R.'s "issues at school appear behavioral in nature as opposed to psychological[.]" (R. at 407.) Luckett's assessment is consistent with the fact that S.R. was able to get better grades earlier in his school career, (R. at 203), was able to get better grades in the later part of the ninth grade, (R. at 191, 208, 237), and got good grades when he put his mind to subjects that he enjoyed such as History and Web Design. (R. at 208, 237, 240.) Luckett diagnosed mild oppositional defiant disorder. (R. at 407.) Luckett's assessment is consistent with Rasheed's testimony that S.R. was immature for his age and spoiled, (R. at 47), and with S.R.'s testimony that he failed in school because of lack of interest, rather than a lack of ability. (R. at 16, 76.)

Furthermore, S.R.'s activities show that he did not have marked limitations in the domain of attending and completing tasks. S.R. worked with his uncle doing home repair work, (R. at 44), played basketball, (R. at 55), enjoyed reading history and biographies, (R. at 59-60), and used his laptop to listen to rap music and play games. (R. at 60.) S.R. testified that his best subject in school was Web Design and that he liked computers. (R. at 70.) He also testified that he used the internet and was very good with computers. (R. at 71.) Based on this, I find that substantial evidence exists to support the ALJ's finding that there was no indication that S.R.'s impairments functionally equaled a listed impairment. I also find that substantial evidence exists to support the ALJ's finding that S.R. was not disabled.

## PROPOSED FINDINGS OF FACT

As supplemented by the above summary and analysis, the undersigned now submits the following formal findings, conclusions and recommendations:

1. Substantial evidence exists to support the Commissioner's finding that S.R.'s impairments are not functionally equivalent to a listed impairment; and

2. Substantial evidence exists to support the Commissioner's finding that S.R. was not disabled under the Act and was not entitled to benefits.

## RECOMMENDED DISPOSITION

The undersigned recommends that the court deny Rasheed's motion for summary judgment, grant the Commissioner's motion for summary judgment and affirm the final decision of the Commissioner denying benefits.

## Notice to Parties

Notice is hereby given to the parties of the provisions of 28 U.S.C.A. § 636(b)(1)(C) (West 2006 & Supp. 2011):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court

may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14-day period, the Clerk is directed to transmit the record in this matter to the Honorable Michael F. Urbanski, United States District Judge.

The Clerk is directed to send certified copies of this Report and Recommendation to all counsel of record at this time.

DATED: August 19, 2011.

                                         s/ *Pamela Meade Sargent*
                                         UNITED STATES MAGISTRATE JUDGE

-13-

Case 7:10-cv-00287-MFU-PMS   Document 25   Filed 08/19/11   Page 13 of 13   Pageid#: 526